**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NAGRAVISION SA <br><br> Plaintiff, <br><br> vs. <br><br> COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMCAST BUSINESS COMMUNICATIONS, LLC, COMCAST OF HOUSTON, LLC, COMCAST HOLDINGS CORPORATION, and COMCAST SHARED SERVICES, LLC, <br><br> Defendants. | Case No.: 2:16-cv-1362-JRG <br><br> JURY TRIAL DEMANDED |

## <u>DISCOVERY ORDER</u>

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)     the correct names of the parties to the lawsuit;

    (b)     the name, address, and telephone number of any potential parties;

    (c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

     (d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

     (e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

     (f)     any settlement agreements relevant to the subject matter of this action; and

     (g)     any statement of any party to the litigation.

**2.**     **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

     (a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

     (b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.**     **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(a)     provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

   i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

   ii.   If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)     produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)     provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.      **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.      **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

a.  **Interrogatories.**  25 interrogatories per side, including all subparts. "Side" means a party or a group of parties with a common interest.

b.  **Requests for Admission.**  Each side is limited to 50 Requests for Admission.  Each side is permitted an unlimited number of requests for admission for authentication of documents.  Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

c.  **Expert Witnesses.**  Each side is limited to 5 expert witnesses.

d.  **Depositions.**  Each side is limited to 100 hours of combined Rule 30(b)(1) and Rule 30(b)(6) (including third-party) deposition time, subject to a limit of 7 hours of deposition time for any individual witness.

e.  **Depositions by Written Questions.**  The parties may initiate depositions on written questions on third-party custodians of business records.

f.  **Expert Depositions.**  Each side is limited to 7 hours of expert deposition time per expert per issue—*i.e.*, infringement, validity, and damages.  For example, an expert who submits an expert report only on the issue of infringement is limited to 7 hours of deposition time, while an expert who submits expert reports on the issues of infringement and validity is

limited to 14 hours of deposition time.  Depositions of experts are not included in the deposition hour limits set forth in ¶ 5(d) above.

g.  **Document Subpoenas.**  Nothing in this ¶ 5 limits parties' ability to serve document subpoenas on third parties.

h.  **Modification.** The parties may mutually agree in writing to modify these limitations at any time.  Any party may move to modify these limitations for good cause.

6.  **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7.  **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order;

otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.      **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.      **Discovery Disputes.**

(a)      Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)      An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not

exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.     **Proposed Stipulations by the Parties Regarding Discovery.**  The parties stipulate to the following:

a.   The parties agree that documents may be served by email, and that such service will constitute service "by electronic means" within the meaning of Federal Rule of Civil Procedure 5(b)(2)(E).  The parties agree to serve each other by email in lieu of personal service or service by mail.  If the document, pleading, correspondence or other item is too large to be served by email, then a cover letter or other similar notification shall be served by email and the document, pleading, correspondence, or other item shall be served using an FTP site.

b.   The parties agree that they are not be required to log (i) materials that are protected by attorney-client privilege or the work-product doctrine ("Privileged Materials") relating to their licensing negotiations dated on or after November 12, 2015 (*i.e.*, the date on which the parties began those negotiations); and (2) other Privileged Materials dated on or after December 5, 2016 (*i.e.*, the date on which Nagravision filed its Complaint in this action), except as provided under Local Patent Rule 3-7.  The parties further agree that materials that are protected by attorney-client privilege or the work-product doctrine that were created by or on behalf of outside litigation counsel, communications with litigation counsel, and internal communications within a law firm or among in-house lawyers and others working under the direction of in-house lawyers regarding the parties' licensing negotiations or this litigation, regardless of their date, do not need to be included on any privilege log. This does not include materials prepared by

or on behalf of the law firms representing the parties in their capacity as prosecution counsel. The parties reserve the right to request logs of specific kinds of Privileged Materials otherwise excluded by the foregoing where good cause exists.

c.  The parties agree that any party who receives documents from a third party pursuant to a subpoena shall reproduce those documents to the other parties within 10 business days or less.  The parties agree that they shall make best efforts to re-produce such third-party materials in fewer than 10 business days when necessary, such as, for example, in the event such documents may be used in a deposition.  Where re-production of the documents within 10 business days is not feasible, the party that received the documents shall provide prompt notice to the other parties and the issue will be resolved on a case-by-case basis.

d.  The parties agree that counsel need not preserve drafts of expert reports or declarations (partial or complete), notes, and/or other evidence of communications with experts on the subject of the expert's actual or potential testimony. Further, the parties agree that neither party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, or drafts of expert reports or declarations. As used in this paragraph, communications and drafts include communications and drafts relating to actions between the parties in United States District Court for the Northern District of California (Case No. 3:16-cv-6180 (WHA)), *Inter Partes* Review proceedings relating to the patents at issue here (if any), and/or in the United States International Trade Commission (Investigation No. 337-TA-1041).

e.  The parties are in the process of negotiating an ESI and electronic-discovery protocol. The parties will promptly inform the Court when that protocol has been finalized.

13.  **Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at   http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17.   The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 17th day of April, 2017.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE